UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Misc. No. |
| ) | |
| v. ) | (Related to Criminal No. 09-5) |
| ) | |
| CHRISTINA KORBE, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| PARKER REVOCABLE TRUST DATED ) | |
| FEBRUARY 26, 1996, ) | |
| and its successors and assigns, ) | ELECTRONICALLY FILED |
| ) | |
| Garnishee. ) | |

**<u>WRIT OF GARNISHMENT</u>**

TO: Parker Revocable Trust
c/o Paul Pokorski
619 Oakview Drive
Verona, PA  15147

An Application for a Writ of Garnishment against the property of Christina Korbe, the Defendant, Social Security Number     -    -2584, has been filed with this Court. A judgment ("Judgment") has been entered against the Defendant and in favor of the United States at the above number. The total balance due on the Judgment as of January 31, 2020, is $2,836,763.00.

1. Parker Revocable Trust (the "Garnishee") is required by law to answer the Writ in writing, under oath, within ten (10) days of its receipt of this Writ. The Garnishee must file its Answer whether or not it has or will have in its custody, control, or possession any property owned by the Defendant, included but not limited to: funds in a financial account of the Parker Revocable Trust made available in 2019. The Garnishee shall withhold and retain any property on which the

Defendant has a substantial non-exempt interest and for which the Garnishee is or may become indebted to the Defendant pending further order of this Court.

3. The Garnishee must file the original written Answer to this Writ within ten (10) days of its receipt of this Writ with the United States District Court at U.S. Clerk of Court, 700 Grant Street, Suite 3110, Pittsburgh, 15219. Additionally, the Garnishee is required by law to serve copies of its Answer upon Defendant at FCI Danbury, , Danbury CT 06811, counsel for Defendant, Elisa A. Long, Supervisory Assistant Federal Public Defender at 1001 Liberty Ave., Ste. 1500, Pittsburgh, PA 15222-3728 and upon counsel for the United States, David Lew, Assistant U.S. Attorney, at 700 Grant Street, Suite 4000, Pittsburgh, PA 15219.

4. Under the law, there is property which is exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order is listed on the attached List of Exemptions.

5. If the Garnishee fails to answer this Writ or withhold property in accordance with this Writ, the United States of America may petition the Court for an order requiring the Garnishee to appear before the Court. If the Garnishee fails to appear or does appear and fails to show good cause why it failed to comply with this Writ, the Court may enter a judgment against the Garnishee for the value of the Defendant's non-exempt property. It is unlawful to pay or deliver to the Defendant any item attached by this Writ.

                                                  Joshua C. Lewis
                                                  Clerk, United States District Court

By: _____
      Deputy Clerk

Date: _____

## LIST OF EXEMPTIONS

**MAJOR EXEMPTIONS UNDER FEDERAL LAW**

18 U.S.C. §3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

\_\_\_\_  1.  Wearing apparel and school books. Such items of wearing apparel and such school books as are necessary for the debtor or for members of his or her family.

\_\_\_\_  2.  Fuel, provisions, furniture, and personal effects. So much of the fuel, provisions, furniture and personal effects in the debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$9,690** in value.

\_\_\_\_  3.  Books and tools of a trade, business, or profession. So many of the books and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$4,850** in value.

\_\_\_\_  4.  Unemployment benefits. Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

\_\_\_\_  5.  Undelivered mail. Mail, addressed to any person, which has not been delivered to the addressee.

\_\_\_\_  6.  Certain annuity and pension payments. Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. §1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

\_\_\_\_  7.  Workmen's Compensation. Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

\_\_\_\_  8.  Judgments for support of minor children. If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

____    9.   Certain service-connected disability payments. Any amount payable to an individual as a service-connected (within the meaning of Section 101(16) of Title 38, United States Code) disability benefit under (A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38, or (B) Chapter 13, 21, 23, 31, 32, 34, 35, 37, or 39 of such Title 38.

____    10.  Assistance under Job Training Partnership Act. Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. §1501 et seq.) from funds appropriated pursuant to such Act.

____    11.  Minimum exemptions for wages, salary, and other income. The exemptions under 26 U.S.C. §6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. §1673, for disposable earnings, automatically apply and do not need to be claimed. The aggregate disposable earnings of any individual for any workweek which is subjected to garnishment may not exceed (1) 25% of his or her disposable earnings for that week, or (2) the amount by which his or her disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.